UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE SHANEE MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARAGA, et al.,<br><br>Defendants. | No. 2:15-cv-2436-WBS-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Billy Rae Shanee Maldonado is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Maldonado v. Yates*, No. 1:11-cv-01735-

1

LJO-GSA (E.D. Cal. June 13, 2013) (order dismissing action for failure to state a claim); (2) *Maldonado v. Yates*, 1:11-cv-01885-AWI-JLT (E.D. Cal. Jan. 17, 2014) (order dismissing action for failure to state a claim); (3) *Maldonado v. Trimble*, 1:11-cv-02160-LJO-DLB (E.D. Cal. Apr. 19, 2013) (order dismissing action for failure to state a claim); (4) *Maldonado v. Yates*, No. 1:11-cv-02164-AWI-JLT (E.D. Cal. May 17, 2013) (order dismissing action for failure to state a claim); (5) *Maldonado v. Yates*, No. 1:12-cv-00871-LJO-DLB (E.D. Cal. Apr. 5, 2013) (order dismissing action for failure to state a claim); and (6) *Maldonado v. Correctional Officer Ruth*, 1:12-cv-02015-AWI-DLB (E.D. Cal. Oct. 19, 2014) (order dismissing action for failure to state a claim).[1]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In the complaint (ECF No. 1), plaintiff claims that he is being denied a Kosher Jewish diet. His allegations do not demonstrate that he suffered from an ongoing or imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

Because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby RECOMMENDED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

/////

---

[1] In violation of Rule 11 of the Federal Rules of Civil Procedure, plaintiff falsely alleges in the complaint that he has not filed any other lawsuits while a prisoner. ECF No. 1, § I.A; Fed. R. Civ. P. 11(b)(3).

      2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2016.

      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

3